UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD BELL,
    Petitioner

v.                           Case No. 8:13-cr-385-T-33AEP
                                       8:20-cv-1695-T-33AEP

UNITED STATES OF AMERICA,
    Respondent

_____/

**ORDER**

This matter is before the Court upon consideration of Ronald Bell's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 53), filed on July 20, 2020. The United States of America moved to dismiss the Motion as untimely on September 23, 2020. (Civ. Doc. # 7). Bell did not respond to the government's motion, and the time to do so has lapsed. For the reasons that follow, the Court dismisses Bell's Motion as untimely.

**I.   Background**

In 2013, a grand jury returned a six-count indictment that charged Bell with distributing cocaine and marijuana and possessing a firearm after having been convicted of multiple felonies. (Crim. Doc. # 1). Pursuant to a plea agreement, Bell pled guilty to the firearm offense, a violation of 18

U.S.C.§§ 922(g)(1) and 924(e), and the United States dismissed the remaining charges. (Crim. Doc. # 20). Magistrate Judge Thomas B. McCoun III presided over the change of plea hearing, and on January 8, 2014, submitted a Report and Recommendation to this Court regarding the plea agreement. (Crim. Doc. # 23). This Court subsequently accepted the plea and sentenced Bell to 188 months' imprisonment on June 30, 2014. (Crim. Doc. ## 24, 32). Bell did not file a direct appeal of his conviction.

## II.  Discussion

In his Motion, Bell claims that Judge McCoun "failed to inform the petitioner that he ha[d] 14 days to file an objection to the Magistrate's Report and Recommendation." (Civ. Doc. # 1). The United States argues that Bell's Motion should be dismissed as untimely, and that Judge McCoun clearly warned Bell that he had fourteen days to file an objection. (Civ. Doc. # 7).

### A.  Timeliness

The one-year statute of limitations for filing a motion under Section 2255 begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date any unconstitutional government impediment to the movant's motion is removed; (3) the date on which the right

2

asserted was initially recognized by the Supreme Court; or (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f); Jones v. United States, 304 F.3d 1035, 1037-38 (11th Cir. 2002).

Bell has not alleged the existence of any unconstitutional government impediment to his Motion that prevented him from timely filing his Motion as required by Section 2255(f)(2). Nor does Bell raise any newly recognized right as required by Section 2255(f)(3), or any new facts he discovered through the exercise of due diligence as required by Section 2255(f)(4). Accordingly, only Section 2255(f)(1) is applicable.

Bell's judgment of conviction became final on July 15, 2014, when the time to file a direct appeal expired. See Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."). Therefore, Bell had one year from that date, through July 15, 2015, to file a timely Section 2255 motion. But Bell's Motion was not filed until July 20, 2020, five years after his conviction became final. Accordingly, Bell's Motion is untimely under 28 U.S.C. § 2255(f).

Unless equitable tolling applies, the Motion is subject to dismissal as time-barred. See Warmus v. United States, 253 F. App'x 2, 5-6 (11th Cir. 2007) (holding that a Section 2255 motion filed more than one year after movant's conviction becomes final is "subject to dismissal as time-barred").

**B.   Equitable Tolling**

In certain situations, the statute of limitations for motions under Section 2255 can be equitably tolled. Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007). "Equitable tolling is only available if the petitioner establishes (1) extraordinary circumstances and (2) due diligence." Id. Indeed, "[e]quitable tolling is an extraordinary remedy and is applied sparingly." Id. The movant "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008).

Here, Bell has not shown the existence of any "extraordinary circumstances" warranting equitable tolling. Bell asserts in his Motion that the one-year statute of limitations does not apply because the magistrate judge failed to inform him of the fourteen-day period to file an objection to the report and recommendation. (Civ. Doc. # 1 at

4

12). Even if such a failure could constitute an extraordinary circumstance, the record negates this claim. Judge McCoun unambiguously warned Bell that "[f]ailure to file written objections . . . within fourteen (14) days from the date of its service bar[red] an aggrieved party from attacking [the] Report and Recommendation before the assigned United States District Judge." (Crim. Doc. # 23). Despite his assertions to the contrary, no extraordinary circumstances justify equitable tolling.

Accordingly, because Bell has failed to show that his Section 2255 Motion was filed within the applicable statute of limitations or that equitable tolling applies, the Motion is due to be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f).

## III. **Evidentiary Hearing**

"Whether to hold an evidentiary hearing on equitable tolling is committed to the sound discretion of the district court." Spears v. Warden, 605 F. App'x 900, 905 (11th Cir. 2015). The movant bears the burden of establishing the need for an evidentiary hearing. Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). A court should not accept "speculative and inconcrete claims" as the basis

to order a hearing. Id. (citing Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982)).

No evidentiary hearing is required here because Bell's allegations are insufficient to establish that his Motion is timely or to warrant equitably tolling the statute of limitations.

## IV.  Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

The Court declines to issue a certificate of appealability because Bell has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Bell to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Bell shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)  The United States of America's Motion to Dismiss (Civ. Doc. # 7) is **GRANTED.**

(2)  Ronald Bell's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 53) is **DISMISSED.**

(3)   The Clerk is directed to enter judgment in favor of the United States and thereafter **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of October, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE